**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
OFFICE OF THE CLERK**

Alfred A. Arraj
United States Courthouse
901 19th Street
Denver, Colorado 80294
www.cod.uscourts.gov

Jeffrey P. Colwell
*Clerk*

Phone: (303) 844-3433

Date: 12/4/2023

☒ Pro Se   ☐ Retained   ☐ CJA   ☐ FPD   ☐ USA or other Federal Agency (Appeal Fee Exempt)

Case No: 22-cv-03098-DDD-NRN

☐ Amended Notice of Appeal
☐ Other pending appeals
☐ Transferred Successive §2254 or §2255
☐ Supplemental Record

Date Filed: 12/04/2023

Appellant: Bernard S. Black

Pro Se Appellant:
☐ IFP forms mailed/given   ☐ Motion IFP pending   ☐ Appeal fee paid
                           ☐ IFP denied             ☒ Appeal fee not paid

Retained Counsel:
☐ Appeal fee paid   ☐ Appeal fee not paid   ☐ Motion IFP filed

The Preliminary Record on Appeal is hereby transmitted to the Tenth Circuit Court of Appeals. Please refer to the forms, procedures, and requirements for ordering transcripts, preparing docketing statements and briefs, and designations of the record that are found on the Tenth Circuit's website, www.ca10.uscourts.gov.

If not already completed, either an appeal fee payment for filing this case or filing of a motion to proceed *in forma pauperis* will be made to this District Court.

The transcript order form must be filed in the District Court as well as the Court of Appeals within 14 days after the notice of appeal was filed with the District Court.

If you have questions, please contact this office.

Sincerely,

JEFFREY P. COLWELL, CLERK

by:   s/C. Madrid
        Deputy Clerk

Rev. 8/17/2017

cc: Clerk of the Court, Tenth Circuit Court of Appeals

Rev. 8/17/2017

ALLMTN,APPEAL,JD1,MJ CIV PP,TERMED

# U.S. District Court – District of Colorado
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:22−cv−03098−DDD−NRN

| | |
|---|---|
| Black v. Black | Date Filed: 11/30/2022 |
| Assigned to: Judge Daniel D. Domenico | Date Terminated: 04/05/2023 |
| Referred to: Magistrate Judge N. Reid Neureiter | Jury Demand: None |
| Case in other court: Denver County Probate Court, 2012PR001772 | Nature of Suit: 380 Personal Property: Other |
| USCA, 23−01155 | Jurisdiction: Diversity |
| Cause: 28:1441 Petition for Removal− Property Damage | |

**Petitioner**

**Joanne Black**  represented by  **Lisa R. DiPonio**
*Protected Person*  
DiPonio & DiPonio LLC
7931 South Broadway
Suite 348
Littleton, CO 80122
303−955−2080
Email: diponiolawfirm@comcast.net
*ATTORNEY TO BE NOTICED*


V.

**Respondent**

**Bernard S. Black**  represented by  **Bernard S. Black**
*[Pro Se E−Filer, effective 12/2/2022]*  
Northwestern University School of Law
375 East Chicago Avenue
Chicago, IL 60611
847−807−9599
Fax: 312−503−3458
Email: bblack@northwestern.edu
PRO SE


| Date Filed | # | Docket Text |
|---|---|---|
| 12/04/2023 | 58 | Misdirected NOTICE OF APPEAL as to 57 Order by Respondent Bernard S. Black. (Attachments: # 1 Misdirected Notice)(cmadr, ) (Entered: 12/04/2023) |
| 11/08/2023 | 57 | ORDER OVERRULING OBJECTIONS AND DENYING MOTION TO STAY by Judge Daniel D. Domenico on 8 November 2023. The Objections by Bernard Black, Issue Trust Trustee, to Magistrate Judge's Award of Fees and Other Sanctions, Doc. 55 , are OVERRULED; Respondent's Motion for Stay Pending Appeal, Doc. 53 , is DENIED; and Respondent Bernard Black is ORDERED to pay to Counsel Lisa DiPonio the sum of $5,031.60 for reasonable attorney fees and expenses incurred within 10 days from the date of this order, to the extent those fees and expenses have not already been paid.(cmadr, ) (Entered: 11/08/2023) |

| | | |
|---|---|---|
| 08/23/2023 | 55 | OBJECTION/Appeal of Magistrate Judge Decision to District Court by Respondent Bernard S. Black. (Attachments: # 1 Appendix App A, Samuel Black state court filing)(Black, Bernard) (Entered: 08/23/2023) |
| 08/21/2023 | 54 | NOTICE by Magistrate Judge N. Reid Neureiter on 21 August 2023. This Court entered the Order Awarding Attorneys' Fees as a Sanction for Filing Vexatious Removal Papers (Dkt. # 52 ) on August 9, 2023. Accordingly, the time to object to this order runs on August 23, 2023. Though Mr. Black proceeds pro se, he is a licensed attorney who has availed himself of the objection process before, so the Court expects he is familiar with it. Nevertheless, because the Court inadvertently omitted a notice concerning objection from its Order Awarding Attorneys' Fees, it enters such notice now. (cmadr, ) (Entered: 08/21/2023) |
| 08/20/2023 | 53 | MOTION to Stay by Respondent Bernard S. Black. (Black, Bernard) (Entered: 08/20/2023) |
| 08/09/2023 | 52 | ORDER AWARDING ATTORNEYS' FEES AS SANCTION FOR FILING VEXATIOUS REMOVAL PAPERS by Magistrate Judge N. Reid Neureiter on 9 August 2023. Within 10 days from the date of this order, Mr. Bernard Black is hereby ORDERED to pay to Counsel Lisa DiPonio the sum of $5,031.60 for reasonable attorney fees and expenses incurred in defending this inappropriately removed matter.(cmadr, ) (Entered: 08/09/2023) |
| 07/19/2023 | 51 | ORDER of USCA as to 42 Notice of Appeal filed by Bernard S. Black. APPEAL DISMISSED. (USCA Case No. 23−1155) (athom, ) (Entered: 07/19/2023) |
| 06/13/2023 | 50 | ORDER REFERRING MOTION: 41 MOTION for Attorney Fees filed by Joanne Black. Motion referred to Magistrate Judge N. Reid Neureiter by Judge Daniel D. Domenico on 6/13/2023. Text Only Entry (dddlc5, ) (Entered: 06/13/2023) |
| 05/30/2023 | 49 | ORDER of USCA as to 42 Notice of Appeal filed by Bernard S. Black. (USCA Case No. 23−1155) (athom, ) (Entered: 06/01/2023) |
| 05/25/2023 | 48 | LETTER TO USCA and all counsel certifying the record is complete as to 42 Notice of Appeal filed by Bernard S. Black. A transcript order form was filed stating that the necessary transcript is already on file. ( Appeal No. 23−1155) Text Only Entry (athom, ) (Entered: 05/25/2023) |
| 05/25/2023 | 47 | TRANSCRIPT ORDER FORM by Respondent Bernard S. Black. Necessary transcript is already on file re 42 Notice of Appeal. (athom, ) (Entered: 05/25/2023) |
| 05/23/2023 | 46 | NOTICE of Entry of Appearance by Lisa R. DiPonio on behalf of Joanne Black (DiPonio, Lisa) (Entered: 05/23/2023) |
| 05/22/2023 | 45 | USCA Appeal Fees received $ 505, receipt number 107046; Full Payment (USCA Case No. 23−1155) (athom, ) (Entered: 05/22/2023) |
| 05/09/2023 | 44 | USCA Case Number 23−1155 for 42 Notice of Appeal filed by Bernard S. Black. (athom, ) (Entered: 05/09/2023) |
| 05/08/2023 | 43 | LETTER Transmitting Notice of Appeal to all counsel advising of the transmittal of the 42 Notice of Appeal filed by Bernard S. Black to the U.S. Court of Appeals. (Pro Se, Fee not paid and 1915 motion not filed,) (Attachments: # 1 Preliminary Record and Docket Sheet)(angar, ) (Entered: 05/08/2023) |
| 05/05/2023 | 42 | |

| | | |
|---|---|---|
| | | NOTICE OF APPEAL as to 39 Order on Motion for TRO,,,, Order on Motion to Vacate,,,, Order on Motion to Change Venue,,,, Order on Report and Recommendations,,, by Respondent Bernard S. Black (Black, Bernard) (Entered: 05/05/2023) |
| 04/15/2023 | 41 | AFFIDAVIT by Petitioner Joanne Black. (Attachments: # 1 Affidavit Verified Affidavit of Attorney's Fees and Costs, # 2 Exhibit PACER billing sheet of costs)(DiPonio, Lisa) Modified on 6/13/2023 to correct event (athom, ). (Entered: 04/15/2023) |
| 04/05/2023 | 40 | CERTIFICATE of Service by Email by Clerk of Court re 39 Order of Remand to jennifer.rollins@judicial.state.co.us; nikolaus.zender@judicial.state.co.us; jennifer.nichols@judicial.state.co.us. (athom, ) (Entered: 04/05/2023) |
| 04/05/2023 | 39 | ORDER Adopting Recommendation of Magistrate Judge and Remanding Case. The Objections by Bernard Black to Magistrate Judge's Report and Recommendation, Doc. 35 , are OVERRULED. The Report and Recommendation, Doc. 30 , is ACCEPTED and ADOPTED. Mr. Black's motions, Docs. 7 , 37 , 38 , are DENIED AS MOOT. This matter is REMANDED to the Denver County Probate Court. The Court retains limited jurisdiction to impose sanctions under its inherent authority. Joanne's counsel must within ten days of this Order file an affidavit detailing what she asserts is the reasonable attorney fees, expenses, and costs that should be awarded for the improper removal. Mr. Black will have ten days after such affidavit is filed to submit any written challenge concerning the reasonableness of attorney fees, expenses, and costs that the Court will award pursuant to Section 1447(c). By Judge Daniel D. Domenico on 04/05/2023. (athom, ) (Entered: 04/05/2023) |
| 04/03/2023 | 38 | First MOTION to Vacate by Respondent Bernard S. Black. (Attachments: # 1 Exhibit DPC order Feb 1, 2023, # 2 Exhibit DP Order Feb. 14, 2023, # 3 Exhibit Black Mortion to reconsider Feb 14, 2023, # 4 Exhibit DiPonio Response to Motion to reconsider, # 5 Black reply support motion to reconsider)(Black, Bernard) (Entered: 04/03/2023) |
| 04/03/2023 | 37 | First MOTION for Temporary Restraining Order by Respondent Bernard S. Black. (Attachments: # 1 Exhibit DPC Order Feb. 1, 2023, # 2 Exhibit DPC Order Feb. 14, 2023, # 3 Exhibit Black Motion to reconsider DPC order, # 4 Exhibit DiPonio repose to Black motoin to reconsider, # 5 Exhibit Blck reply support motion to reconsider, # 6 Proposed Order (PDF Only) Proposed TRO Order)(Black, Bernard) (Entered: 04/03/2023) |
| 03/28/2023 | 36 | REPLY to Response to Objection to 30 Report and Recommendations,,, filed by Petitioner Joanne Black. (DiPonio, Lisa) (Entered: 03/28/2023) |
| 03/07/2023 | 35 | OBJECTION to 30 Report and Recommendations filed by Respondent Bernard S. Black. (Black, Bernard) (Entered: 03/07/2023) |
| 02/21/2023 | 34 | ORDER denying 32 Motion for Extension of Time to File re 32 MOTION for Extension of Time to *Respond to Report and Recommendation by Magistrate Judge Neuriter*. Respondent has not shown good cause for a lengthy extension of time beyond that permitted for objections under Rule 72. Any objections to R&R due by 3/7/2023, and any response must be filed by 3/28/2023. No reply or oral argument will be permitted unless specifically ordered by the Court. SO ORDERED by Judge Daniel D. Domenico on 2/21/2023. Text Only Entry(dddlc5, ) (Entered: 02/21/2023) |
| 02/18/2023 | 33 | |

| | | |
|---|---|---|
| | | TRANSCRIPT of Telephonic Show Cause Hearing held on February 3, 2023 before Magistrate Judge Neureiter. Pages: 1–59.<br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br>Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Patterson Transcription Company, ) (Entered: 02/18/2023) |
| 02/16/2023 | 32 | MOTION for Extension of Time to *Respond to Report and Recommendation by Magistrate Judge Neuriter* by Respondent Bernard S. Black. (Black, Bernard) (Entered: 02/16/2023) |
| 02/15/2023 | 31 | TRANSCRIPT of SHOW CAUSE HEARING held on 02/03/2023 before Magistrate Judge Neureiter. Pages: 1–61. Prepared by: AB Litigation Services.<br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br>Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 02/15/2023) |
| 02/14/2023 | 30 | REPORT AND RECOMMENDATION ON ORDER TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION (Dkt. # 5 ) AND BERNARD BLACK'S MOTION TO CHANGE VENUE (Dkt. # 7 ) by Magistrate Judge N. Reid Neureiter on 14 February 2023. It is hereby RECOMMENDED this matter be REMANDED to the Denver Probate Court. It is further RECOMMENDED that the Motion to Change Venue (Dkt. #7) be DENIED AS MOOT. It is further RECOMMENDED that Mr. Black be ordered to pay Joanne's attorney fees as outlined above. Finally, it isORDERED that the Clerk of Court send a formal request to the AppellateDivision of the New York State Supreme Court referring the matter of the Mr. Black's misconduct as described in this matter and the underlying probate case and associated cases for attorney discipline. (cmadr, ) (Entered: 02/14/2023) |
| 02/13/2023 | 29 | RESTRICTED TRANSCRIPT of proceedings held on February 3, 2023 before Magistrate Judge Neureiter. (rvill, ) (Entered: 02/13/2023) |
| 02/06/2023 | 28 | MINUTE ORDER STRIKING DKT. 27 by Magistrate Judge N. Reid Neureiter on February 6, 2023. Nothing in the federal or local rules would permit the consideration of a posthearing brief, filed without leave, that, for the most part, repeats arguments Mr. Black already made in his prior 120 pages of briefing and at oral argument. Therefore, it is hereby ORDERED that the Second Supplemental Response by Bernard Black (Dkt. 27 ), be STRICKEN from the docket. It will not be considered by the Court. PLEASE READ ATTACHED MINUTE ORDER (csarr, ) (Entered: |

| | | |
|---|---|---|
| | | 02/06/2023) |
| 02/06/2023 | 27 | **STRICKEN** SURREPLY re 7 MOTION to Change Venue *Second Supplemental Response to Order to Show Cause* filed by Respondent Bernard S. Black. (Black, Bernard) Modified pursuant 28 on 2/6/2023 (csarr, ). (Entered: 02/06/2023) |
| 02/03/2023 | 56 | MINUTE ORDER re: 26 Show Cause Hearing. The Clerk of Court is directed to order the transcript of these proceedings with a 3–day turnaround time. By Magistrate Judge N. Reid Neureiter on February 3, 2023. Text Only Entry. (rvill, ) (Entered: 08/29/2023) |
| 02/03/2023 | 26 | COURTROOM MINUTES for Show Cause Hearing held on 2/3/2023 before Magistrate Judge N. Reid Neureiter: FTR: C–203. (cpomm, ) (Entered: 02/03/2023) |
| 02/03/2023 | 25 | Exhibits in Support by Petitioner Joanne Black. (DiPonio, Lisa) (Entered: 02/03/2023) |
| 02/02/2023 | 24 | REPLY to Response to 7 MOTION to Change Venue *and Response to Court Order to Show Cause* filed by Respondent Bernard S. Black. (Black, Bernard) (Entered: 02/02/2023) |
| 01/31/2023 | 23 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 31 January 2023. This matter is before the Court on an untitled document filed by Plaintiff onJanuary 31, 2023 (Dkt. # 21 ). In the future, the Court will take no action in response to letters or untitled documents filed by Plaintiff. That said, the Court notes that the purpose of the telephonic Show Cause hearing is oral argument on Mr. Black's Response (Dkt. # 11 ) to the Court's Order to Show Cause (Dkt. # 5 ). The letter indicates that Mr. Black would like to file a reply brief to Joanne Black's response, but no reply is necessary. Any replyshould be filed by close of business on Thursday, February 2, 2023. Mr. Black may present his argument during the hearing on Friday. Ms. Joanne Black's representative will be heard as well. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 01/31/2023) |
| 01/31/2023 | 22 | ORDER REFERRING MOTION: 7 MOTION to Change Venue filed by Bernard S. Black. Motion referred to Magistrate Judge N. Reid Neureiter by Judge Daniel D. Domenico on 1/31/2023. Text Only Entry (dddlc5, ) (Entered: 01/31/2023) |
| 01/31/2023 | 21 | LETTER re: 5 Order,,,, Order to Show Cause,,, *and Responses to Order by both sides* by Respondent Bernard S. Black. (Black, Bernard) (Entered: 01/31/2023) |
| 01/30/2023 | 20 | MINUTE ORDER re: 5 Order,,,, Order to Show Cause,,, It is hereby ORDERED that a telephonic Show Cause hearing is SET on February 3, 2023 at 10:00 a.m. before Magistrate Judge N. Reid Neureiter. The parties are directed to call the conference line as a participant at (888) 398–2342, Access Code 5755390# at the scheduled time. If this date and time is not practicable, the parties shall jointly call Chambers (303) 335–2403 to reset the hearing. by Magistrate Judge N. Reid Neureiter on 1/30/2023. Text Only Entry (nrnlc2, ) (Entered: 01/30/2023) |
| 01/20/2023 | 19 | RESPONSE to 7 MOTION to Change Venue , 8 First MOTION for Extension of Time to *Respond to Order to Show Cause* Attorney Lisa R. DiPonio added to party Joanne Black(pty:pet) filed by Petitioner Joanne Black. (DiPonio, Lisa) (Entered: 01/20/2023) |
| 01/06/2023 | 18 | Respondent's Response 11 to Magistrate Judge N. Reid Neureiter's Order to Show Cause 5 is referred to Magistrate Judge N. Reid Reureiter for a report and recommendation on an order to show cause why this case should not be dismissed for lack of subject matter jurisdiction. SO ORDERED by Judge Daniel D. Domenico on |

|  |  |  |
|---|---|---|
|  |  | 01/06/2023. Text Only Entry (dddlc5, ) (Entered: 01/06/2023) |
| 01/04/2023 | 17 | ORDER REFERRING CASE to Magistrate Judge N. Reid Neureiter. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to the assigned United States Magistrate Judge to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of Local Civ. R. 16.2, (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause, (3) hear and determine pretrial matters, including discovery and other non−dispositive motions, (4) conduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for rulings on dispositive motions, and (5) pursuant to Local Civ. R. 16.6 and at the discretion of the Magistrate Judge, convene such early neutral evaluation and/or settlement conferences and direct related procedures as may facilitate resolution of this case without the necessity of a motion or prior authorization of the undersigned. SO ORDERED by Judge Daniel D. Domenico on 1/4/2023. Text Only Entry. (rkeec) (Entered: 01/04/2023) |
| 01/04/2023 | 16 | CASE REASSIGNED pursuant to 15 Order. This case is randomly reassigned to Judge Daniel D. Domenico and drawn to Magistrate Judge N. Reid Neureiter. All future pleadings should be designated as 22−cv−03098−DDD. (Text Only Entry) (cmadr, ) (Entered: 01/04/2023) |
| 01/04/2023 | 15 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 4 January 2023. On December 2, 2022, this Court ordered Mr. Black to show cause why thiscause why this case should not be dismissed for lack of subject matter jurisdiction. (Dkt. # 5 ) In his response to the Order to Show Cause, Mr. Black requests that the Order to Show Cause and his response be reviewed by a district judge. (See Dkt. # 11 at 2.) Because Mr. Black proceeds pro se and in an abundance of caution, the Court construes this as a non−consent to the jurisdiction of a magistrate judge and directs the Clerk of Court to randomly reassign this matter to a district judge. This Court will therefore withhold ruling on its Order to Show Cause (Dkt. #11) unless directed otherwise by the assigned district judge. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 01/04/2023) |
| 01/03/2023 | 14 | SUPPLEMENT/AMENDMENT *to Response to Order to Show Cause* by Respondent Bernard S. Black. (Black, Bernard) (Entered: 01/03/2023) |
| 12/20/2022 | 13 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 12 Response filed by pro se e−filer Bernard S. Black. The document was not filed electronically. **DO NOT REFILE THE DOCUMENT. Action to take** − future documents must be filed pursuant to D.C.COLO.LCivR 5.1(a) and 4.1(a) of the Electronic Case Filing Procedures (Civil cases). (Text Only Entry) (csarr, ) (Entered: 12/20/2022) |
| 12/19/2022 | 12 | Duplicate copy of 11 Response by Bernard Black, Issue Trust trustee, to Court Order to Show Cause by Respondent Bernard S. Black. (csarr, ) (Entered: 12/20/2022) |
| 12/19/2022 | 11 | RESPONSE to 8 First MOTION for Extension of Time to *Respond to Order to Show Cause Response to Order to Show Cause* filed by Respondent Bernard S. Black, Petitioner Joanne Black. (Black, Bernard) (Entered: 12/19/2022) |
| 12/08/2022 | 10 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 7 MOTION to Change Venue , 8 First MOTION for Extension of Time to *Respond to Order to Show Cause* filed by Bernard S. Black. Pro |

| | | |
|---|---|---|
| | | se has used an incorrect signature format in violation of D.C.COLO.LCivR 5.1(a) and 4.3(a) of the Electronic Case Filing Procedures (Civil cases). **DO NOT REFILE THE DOCUMENT.** In the future, the filer must affix an electronic s/signature and s/followed by a typed, not an inked, signature to all future documents.(Text Only Entry) (cmadr, ) (Entered: 12/08/2022) |
| 12/07/2022 | 9 | Minute ORDER by Magistrate Judge N. Reid Neureiter on 7 December 2022. It is hereby ORDERED that the Motion by Bernard Black, appearing pro se as trustee of the Issue Trust, for additional time to respond to the Court's Order to Show Cause dated December 2, 2022 and for permission to carry out service by email (Dkt. # 8 ) is GRANTED IN PART as follows. Mr. Black shall respond to the Court's Order to Show Cause on or before **December 19, 2022.** Further, Mr. Black is permitted to file his response with the Court via email to cod_prose_filing@cod.uscourts.gov. PLEASE READ ATTACHED MINUTE ORDER. (cmadr, ) (Entered: 12/07/2022) |
| 12/07/2022 | 8 | First MOTION for Extension of Time to *Respond to Order to Show Cause* by Respondent Bernard S. Black. (Black, Bernard) (Entered: 12/07/2022) |
| 12/07/2022 | 7 | MOTION to Change Venue by Respondent Bernard S. Black. (Black, Bernard) (Entered: 12/07/2022) |
| 12/02/2022 | 6 | CERTIFICATE of Service by mail by Clerk of Court re 5 Order to Show Cause, to Lisa DiPonio, Esq., at 7931 S. Broadway, #348 Littleton, CO and Gayle Y.L. Young, at P.O. Box 307 Littleton, CO 80160. Text Only Entry (cmadr, ) (Entered: 12/02/2022) |
| 12/02/2022 | 5 | ORDER TO SHOW CAUSE by Magistrate Judge N. Reid Neureiter on 2 December 2022. For the foregoing reasons, it is hereby ORDERED that on or before **December 9,2022,** Mr. Black shall (1) demonstrate that he is licensed attorney eligible to practice in this Court and represent the Issue Trust; and (2) show cause in writing why this case should not be remanded due to the procedural improprieties of the removal and the Court's lack of subject matter jurisdiction. If Mr. Black is a licensed attorney, he should also show cause why he should not be sanctioned or referred for discipline to the appropriate disciplinary authorities for what appears to be a frivolous and baseless attempt at removal for the purpose of interfering with an ongoing state probate proceeding. (cmadr, ) (Entered: 12/02/2022) |
| 11/30/2022 | 4 | Magistrate Judge consent form issued pursuant to D.C.COLO.LCivR 40.1, direct assignment of civil actions to full time magistrate judges. Form Mailed via USPS to Pro Se Respondent. (norlin, ) (Entered: 12/01/2022) |
| 11/30/2022 | 3 | Case assigned to Magistrate Judge N. Reid Neureiter. Text Only Entry (norlin, ) (Entered: 12/01/2022) |
| 11/30/2022 | 2 | FIRST AND FINAL NOTICE TO ALL ATTORNEY(S) AND UNREPRESENTED PARTIES IN REMOVED, TRANSFERRED, OR OTHER CASES. To receive any further notice in a case removed or transferred to this court, or special matters including discovery disputes, bankruptcy appeals, or withdrawals of reference, Multi−district litigation (MDL), etc., all attorneys and unrepresented parties must enter an appearance under D.C.COLO.LAttyR 5(a). An attorney must be an active member of this court's bar and be in good standing in accordance with D.C.COLO.LAttyR 3. A waiver of the fee for bar admission may apply in limited situations. Removal Notice Mailed via USPS to Counsel for Petitioner and Pro Se Respondent (Text Only Entry) (norlin, ) (Entered: 12/01/2022) |
| 11/30/2022 | 1 | |

| | |
|---|---|
| | NOTICE OF REMOVAL from Denver County Probate Court, Case Number 2012PR1772. ( Filing fee $ 402.00 Receipt Number COX105263), filed by Bernard Black. (Attachments: # 1 State Court Motion, # 2 State Court Reply with Exhibits, # 3 Notice of Removal to State Court, # 4 State Court Docket Sheet, # 5 Civil Cover Sheet)(norlin, ) Modified on 12/1/2022 to correct filing date (norlin, ). (Entered: 12/01/2022) |

**United States District Court for the District of Colorado**

Joanne Black                                :         United States District Court
                                                      District of Colorado
                                                      Case No. 22-cv-3098-DDD
v.                                          :

Bernard Black

### NOTICE OF APPEAL and REQUEST TO REOPEN APPEAL

NOTICE is hereby given that Bernard Black, in his capacity as Trustee of the Irrevocable Trust for the Benefit of the Issue of Renata Black, appeals to the United States Court of Appeals for the Tenth Circuit from the judgment awarding fees and other sanctions, entered in this action on November 8, 2023.

This is a continuation of case 23-1155, in which the Tenth Circuit determined in a decision on July 19, 2023, that the award of fees and sanctions was not then final and was not yet appealable. That award is now final and appealable. Mr. Black therefore requests that this appeal be re-opened, and that this motion appeal be considered as a continuation of case 23-1155.

Dated this 4th of December, 2023.

/s/ Bernard S. Black

**CERTIFICATE OF SERVICE**

     I hereby certify that I served a true and correct copy of the foregoing document on December , 2023, to the following individual(s) by the method(s) indicated below.

<u>Via ECF</u>:
Counsel for Joanne Black
DiPonio and DiPonio LLC
Lisa ReneeMarie DiPonio
7931 S. Broadway # 348
Littleton CO 80120
diponiolawfirm@comcast.net

                              /s/ Bernard S. Black

                              Bernard S. Black
                              Pro se, as Issue Trust Trustee

2

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Christopher M. Wolpert<br>Clerk of Court | December 4, 2023 | Jane K. Castro<br>Chief Deputy Clerk |

Mr. Jeffrey P. Colwell, Clerk
United States District Court
District of Colorado
Alfred A. Arraj United States Courthouse
901 – 19th Street
Denver, CO  80294

RE: 1:22-CV-03098-DDD, Black v. Black

Dear Clerk:

Enclosed please find a misdirected notice of appeal filed by Bernard S. Black. In order for your court to take the appropriate steps to provide us with the preliminary record in this matter, the notice of appeal is being sent to you so it can be properly filed as of December 4, 2023.  *See* Fed. R. App. P. 4(d).

Sincerely,

CHRISTOPHER M. WOLPERT, Clerk

CMW/klp

Encl.

CC: Bernard S. Black

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Daniel D. Domenico

Civil Action No. 1:22-cv-03098-DDD-NRN

JOANNE BLACK,

    Petitioner,

v.

BERNARD S. BLACK,

    Respondent.

---

### ORDER OVERRULING OBJECTIONS AND DENYING MOTION TO STAY

---

Before the Court are Respondent Bernard Black's "Motion to Stay Pending Appeal," Doc. 53, and "Objections to Magistrate Judge's Award of Fees and Other Sanctions," Doc. 55. The motion is denied and the objections are overruled for the reasons stated below.

### BACKGROUND

The background of this matter is laid out in detail in Judge Neureiter's prior recommendation and the court's order adopting that recommendation, so it need not be repeated in full here. Docs. 30, 39.

The procedural history relevant to the two pending motions is as follows. Mr. Black filed a notice of removal, purporting to remove not a case, but a motion filed by Joanne Black in the Denver probate case. Doc. 1-1. Judge Neureiter issued an order requiring Mr. Black to show cause why this case shouldn't be remanded for lack of subject-matter jurisdiction and procedural flaws in the removal and why he should not be sanctioned for filing a frivolous removal notice. Doc. 5. Mr. Black

- 1 -

responded first by filing a motion "to transfer venue to the Northern District of Illinois or the Eastern District of New York and/or dismiss the claims in the state court motion," Doc. 7, and then by filing a response to the order to show cause, Doc. 11, and a supplement to that response, Doc. 14. Judge Neureiter construed Mr. Black's response as, in part, non-consent to jurisdiction over the case by a magistrate judge, and the case was reassigned to me as the presiding judge. Docs. 15, 16. Judge Neureiter held a hearing and heard argument on his show-cause order, and ultimately issued the first recommendation at issue here. Mr. Black objected to Judge Neureiter's recommendation. Doc. 35. He also filed a motion for a temporary restraining order, Doc. 37, and a motion to vacate orders issued by the probate court, Doc. 38.

In an April 4, 2023 order, the court accepted and adopted Judge Neureiter's report and recommendation, denied as moot various of Mr. Black's motions, and remanded the case to Denver County Probate Court. Doc. 39 at 11. In relevant part, the court held that it lacked subject-matter jurisdiction over this case for a number of reasons, including because Mr. Black purported to remove a motion rather than a civil action, that matter fell within the probate exception to federal jurisdiction, and that the jurisdictional flaws with this case were properly raised *sua sponte*. Doc. 39 at 5-8. The court also upheld Judge Neureiter's finding that sanctions were appropriate here. *Id.* at 9-11.

Mr. Black then filed an appeal of this court's order. Docs. 42-45. On May 30, 2023, the Tenth Circuit ordered Mr. Black to show cause why it had jurisdiction over his appeal. Doc. 49. Mr. Black responded, but the Tenth Circuit dismissed the appeal and found that Mr. Black's appeal of the sanctions order was premature because the amount of fees to be assessed against Mr. Black had not been decided. Doc. 51. Thereafter, Judge Neureiter entered an order fixing the award of attorneys' fees in

- 2 -

the amount of $5,031.60. Doc. 52. Mr. Black then filed his pending motion to stay and objections ostensibly to Judge Neureiter's latest order, Doc. 52. Docs. 53, 55.

### STANDARD OF REVIEW

When reviewing a magistrate judge's recommended disposition of a pretrial matter dispositive of a party's claim or defense, a district judge must conduct a de novo review of those portions of the magistrate judge's recommendation to which a party has filed timely and specific written objections. Fed. R. Civ. P. 72(b)(2)-(3); 18 U.S.C. § 636(b)(1). To preserve an issue for de novo review, a party's objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). As to those portions of the recommendation to which no timely, specific objection has been made, the district judge may review the magistrate judge's factual and legal conclusions under any standard the district judge deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Upon review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 18 U.S.C. § 636(b)(1).

When reviewing a magistrate judge's order that is not dispositive of a party's claim or defense, a district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's factual findings, which may not be set aside unless "on the entire evidence [the reviewing court] is left with the definite and firm conviction that a mistake has been

- 3 -

committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Residences at Olde Town Square Assoc. v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). The "contrary to law" standard applies to the magistrate judge's legal determinations and permits plenary review as to matters of law; the district judge may set aside a legal ruling if the magistrate judge applied the wrong legal standard or applied the appropriate legal standard incorrectly. *Olde Town Square*, 413 F. Supp. 3d at 1072 (citing 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3069 (2d ed.)).

While Mr. Black is apparently a licensed attorney in New York, he is proceeding here pro se, and I liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). I may not, however, assume the role of advocate on his behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*).

## DISCUSSION

### I. Motion to Stay

In Mr. Black's "Motion to Stay," he appears to argue that the court incorrectly held that it lacked subject-matter jurisdiction rather than removal jurisdiction. Mr. Black appears to seek a stay of Judge Neureiter's award of $5,031.60 in fees and, more importantly to Mr. Black, Judge Neureiter's referral of Mr. Black to the New York State Bar for potential discipline. Doc. 53 at 1.

Notably absent from Mr. Black's motion is any real discussion of the standard for staying an order pending appeal, including an order awarding fees. The relevant factors when considering a stay pending appeal are whether the applicant has made a strong showing that he is likely

- 4 -

to succeed, whether he'll suffer irreparable harm absent a stay, whether a stay will substantially injure the other parties in the proceeding, and where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The only factor that Mr. Black appears to address is his likelihood of success on appeal. But he merely re-hashes the same arguments he made in objection to Judge Neureiter's original order. The court finds these arguments unpersuasive for the same reasons stated in its order adopting the report and recommendation. *See* Doc. 39 at 5-11. And Mr. Black has made no other showing why a stay would be appropriate, including why the absence of a stay would impose irreparable harm on him. To the extent that Mr. Black seeks a stay of Judge Neureiter's referral of certain docket entries and other published case decisions in other jurisdictions relating to this matter, that ship appears to have sailed. For those reasons, the motion to stay is denied.

**II. Objections to Award of Sanctions**

Mr. Black also objects to the award of sanctions, arguing that he had an objectively reasonable basis for removal. He says that his latest objections are directed toward both the "order from Magistrate Judge Neuriter [sic] awarding fees to Plaintiff, and the prior order by Judge Neuriter [sic] referring Respondent to the New York State Bar for having sought removal." Doc. 55 at 1.

As an initial matter, to the extent that Mr. Black is simply re-objecting to Judge Neureiter's original report and recommendation, Doc. 30, as he appears to be doing, that objection is untimely and improper. The court already overruled Mr. Black's *original* objections to that order this spring in its order adopting Judge Neureiter's recommendation. Doc. 39. In any event, Mr. Black's re-hashed arguments remain unpersuasive. The court disagrees with his views on subject matter jurisdiction for the

- 5 -

reasons set forth in its prior order and in Judge Neureiter's original recommendation. Judge Neureiter, and I, moreover, relied not just on the frivolousness of Mr. Black's legal contentions but also his bad faith in removing and litigating this matter as a whole. *See Farmer v. Banco Popular of North America*, 791 F.3d 1246, 1257-60 (10th Cir. 2015) (upholding sanctions of *pro se* attorney-litigant due to bad-faith stalling of litigation); *see also Bordelais v.* Bordelais, 844 F. App'x 910, 912 (7th Cir. 2021) (circuit court finding sanctions were warranted in part for "wast[in]g this and other courts' time, and not just with this appeal" and citing to various other related appeals made by the sanctioned party).

As to Judge Neureiter's more recent order setting the amount of fees at $5,031.60, Mr. Black raises no complaints as to the amount of those fees or the accounting for those fees. Given this, the court overrules Mr. Black's objections made in Doc. 55.

## Conclusion

It is **ORDERED** that:

The Objections by Bernard Black, Issue Trust Trustee, to Magistrate Judge's Award of Fees and Other Sanctions, **Doc. 55**, are **OVERRULED**;

Respondent's Motion for Stay Pending Appeal, **Doc. 53**, is **DENIED**; and

Respondent Bernard Black is **ORDERED** to pay to Counsel Lisa DiPonio the sum of $5,031.60 for reasonable attorney fees and expenses

incurred within 10 days from the date of this order, to the extent those fees and expenses have not already been paid.

DATED: November 8, 2023  BY THE COURT:

~~Daniel D.~~ Domenico
United States District Judge