# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

JOANNE BLACK, Protected Person,

    Petitioner-Appellee,

                              Appellate Case No. 23-1377

v.

BERNARD BLACK,

    Respondent-Appellant,

## APPELLEE PROTECTED PERSON JOANNE BLACK'S RESPONSE BRIEF

## ORAL ARGUMENT NOT REQUESTED

On Appeal from the United States District Court for the District of Colorado, No. 1:22-cv-03098-DDD-NRN, Honorable Daniel Domenico

Lisa DiPonio
DiPonio & DiPonio
7931 S. Broadway, #348
Littleton, CO  80112
Phone:  (303) 955-2080;
Email: diponiolawfirm@comcast.net
Attorney for Protected Person Joanne Black

# TABLE OF CONTENTS

                                                            **Page**

I. STATEMENT OF RELATED CASES ................................................................5

II. STATEMENT OF THE CASE AND FACTS .....................................................5

III. ISSUE PRESENTED .........................................................................................6

IV. ARGUMENT .....................................................................................................6

    A. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN IMPOSING SANCTIONS ON APPELLANT FOR HIS FRIVOLOUS AND BASELESS ATTEMPT TO REMOVE A STATE COURT PROBATE PROCEEDING AND FOR HIS HISTORY AND PATTERN OF LITIGATION ABUSE ....................6

V. CONCLUSION ................................................................................................16

124629-00000003/8164143.2

# **TABLE OF AUTHORITIES**

Page(s)

**FEDERAL CASES**

*Black as Trustee of Joanne Black 2013 Trust Agreement v. Goodwin*
No. 19 C 5305, 2020 WL 4053176 (N.D. Ill., July 20, 2020) ............................ 11

*Butler v. Biocore Med. Techs., Inc.*
348 F.3d 1163 (10th Cir. 2003) .................................................................. 7

*Chamber of Commerce v. Edmondson*
594 F.3d 742, 764 (10th Cir. 2010) .......................................................... 10

*Chambers v. NASCO, Inc.*
501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) ......................... 7, 8, 9, 12

*Cooter & Gell v. Hartmarx Corp.*
496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) .............................. 10

*Farmer v. Banco Popular of North America*
791 F.3d 1246 (10th Cir. 2015) ............................................................. 7, 8, 9

*Goodyear Tire & Rubber Co. v. Haeger*
581 U.S. 101, 107 (2017) ......................................................................... 7

*In re Goldstein*
430 F.3d 106 (2nd Cir. 2005) ................................................................... 15

*In re Jacobs*
44 F.3d 84 (2ndCir. 1994) ........................................................................ 7

*In re Martin*
400 F.3d 836 (10th Cir. 2005) ................................................................... 7

*In re Surrick*
338 F.3d 224 (3rd Cir. 2003) ..................................................................... 7

*Johnson v. Smith*
575 F.3d 1079, 1084-85 (10th Cir.2009); ................................................... 7

*JPMorgan Chase Bank v. Black*
No.cv-03447, 2021 WL 4459482 (N.D. Ill., Sept. 29, 2021 ......................... 10

124629-00000003/8164143.2

*LaFleur v. Teen Help*,
  342 F.3d 1145, 1149 (10th Cir. 2003) ...................................................................6

*Masunaga v. Stoltenberg,*
  87 F.3d 435, 439 (10th Cir.1996) .......................................................................10

*San Juan Prods., Inc. v. San Juan Pools of Kan., Inc.*
  849 F.2d 468, 476 (10th Cir.1988) .....................................................................12

*Shimman,* 744 F.2d at 1230 ..........................................................................................12

*Towerridge, Inc. v. T.A.O., Inc.*
  111 F.3d 758 (10th Cir. 1997) ............................................................................13

*United States v. Hudson*
  11 U.S. 32, 7 Cranch 32, 3 L.Ed. 259 (1812) ......................................................8

## OTHER STATE CASES

*Black v. Black*
  422 P.3d 592 (Colo. App. 2018) ........................................................................10

*Black v. Black*
  482 P.3d 460 (Colo. App. 2020) ........................................................................10

*Litvak v. Black*
  147 N.E.3d 835 (Ill. App. 2019) ........................................................................10

I.  **STATEMENT OF RELATED CASES**

There is one related case that has been dismissed. Following issuance of the District Court's Order Adopting Recommendation of Magistrate Judge and Remanding Case, appellant filed a notice of appeal. Appellant sought to appeal the District Court's Order remanding the case to state court for lack of subject matter jurisdiction and imposing sanctions against appellant in an amount not yet determined.

This Court issued an Order to Show Cause requesting appellant identify any basis for this Court exercising jurisdiction to hear the appeal. Appellant and appellee briefed the issue.

Upon consideration of the parties' briefs, this Court dismissed the appeal for two reasons: (1) the District Court expressly invoked subject-matter jurisdiction as the rationale for remand and subject-matter jurisdiction was a plausible rationale; thus appellate review was barred by 28 U.S.C. § 1447(d).  2) an appeal from an award of sanctions may not be taken until an amount has been determined. (*Black v. Black,* Appellate Case: 23-1155, July 19, 2023, Doc. 010110890565.)

II.  **STATEMENT OF THE CASE AND FACTS**

The Magistrate Judge's Report and Recommendation on Order to Show Cause Why This Matter Should Not Be Remanded to State Court For Lack of Federal Subject Matter Jurisdiction (App. Vol. 2, 619-662) and the District Court's

- 5 -
124629-00000003/8164143.2

Order Adopting Recommendation of Magistrate Judge and Remanding Case (App. Vol. 4, 900-910) provide an excellent procedural and factual history of the proceedings relevant to the exercise of discretion by the District Court in imposing sanctions on appellant. Appellee adopts by reference those orders as her Statement of the Case and Facts and so does not repeat them here.

## III. ISSUE PRESENTED

1. Did the District Court abuse its discretion in imposing sanctions on appellant for his frivolous and baseless attempt to remove a state court probate proceeding and for his history and pattern of litigation abuse?

## IV. ARGUMENT

### A. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN IMPOSING SANCTIONS ON APPELLANT FOR HIS FRIVOLOUS AND BASELESS ATTEMPT TO REMOVE A STATE COURT PROBATE PROCEEDING AND FOR HIS HISTORY AND PATTERN OF LITIGATION ABUSE

The question before this Court is straight-forward. Did the District Court abuse its discretion in imposing sanctions on appellant for his frivolous and baseless attempt to remove a state court probate proceeding and for his history and pattern of litigation abuse? The answer, too, is straight-forward. No.

This Court reviews, "a court's imposition of sanctions under its inherent power for abuse of discretion." LaFleur v. Teen Help, 342 F.3d 1145, 1149 (10th Cir. 2003) (quotation omitted). This is the standard whether the sanctions are

monetary or non-monetary, and whether they are founded on statute, rule or the court's inherent authority. *Farmer v. Banco Popular of North America*, 791 F.3d 1246, 1256, (10th Cir. 2015) ("We review the imposition of an attorney-fee sanction, whether rooted in statute, rule, or a court's inherent authority, only for an abuse of discretion.") *See also, Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163, 1167 (10th Cir. 2003); Johnson v. Smith (In re Johnson), 575 F.3d 1079, 1084–85 (10th Cir.2009); *In re Martin,* 400 F.3d 836, 841 (10th Cir. 2005); In re Surrick, 338 F.3d 224, 229 (3rd Cir. 2003); In re Jacobs, 44 F.3d 84, 88 (2ndCir. 1994).

The court's inherent power is not dependent on rule or statute. "Federal **courts** possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 107 (2017) (citation and internal quotation marks omitted).

A court is not required to treat each sanctionable action individually and in isolation of others. The court is empowered to consider the panoply of violations, irrespective of whether some occurred outside the court's direct view. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). Thus, "[a]

- 7 -

district court's inherent power to sanction reaches beyond the multiplication of court proceedings and authorizes sanctions for wide-ranging conduct constituting an abuse of process. *Farmer v. Banco Popular of North America, supra*, 791 F.3d at 1257, citing *Chambers v. NASCO, Inc.*, 501 U.S. at 57.

The Court in *Farmer* drew from the United States Supreme Court's vociferous defense of courts' fundamental powers to protect the judicial process, in expressing the inherent authority to sanction conduct which abuses the system:

> "It has long been understood that 'certain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which *cannot be dispensed with* in a Court, because they are necessary to the exercise of all others.' " *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (*quoting United States v. Hudson,* 11 U.S. 32, 7 Cranch 32, 34, 3 L.Ed. 259 (1812)) (emphasis added) (internal brackets omitted). Among these *indefeasible* powers is a court's "ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44–45, 111 S.Ct. 2123. In the words of Justice Scalia, "[s]ome elements of [an Article III court's] inherent authority are so essential to the judicial Power ... that they are indefeasible, among which is a court's ability to enter orders protecting the integrity of its

proceedings." *Id.* at 58, 111 S.Ct. 2123 (Scalia, J., dissenting) (internal brackets and quotations omitted)." *Farmer v. Banco Popular of North America, supra*, 791 F.3d at 1255 (emphasis in original.)

Appellant, in passing, acknowledges that his appeal is limited to whether the sanctions ordered against him are an abuse of discretion. (AOB, p. 19.) However, he sidesteps this limitation, simply proclaiming that "[t]he principal issues are legal and thus reviewed *de novo*. (See, AOB, pp. 19-20.) With self-serving bootstrap firmly in hand, appellant lavishes the vast majority of his Opening Brief rearguing his grievance that the District Court improperly remanded the matter to the state court – an issue this Court specifically dismissed as non-appealable (Appellate Case 23-1155, Order 7/19/2023, pp. 2-3.). In much of the remainder of his Opening Brief, appellant rails at the system and the various courts who have called him on his misconduct and detailed his depredations and malfeasance. Appellant's improper arguments are merely a continuation of the pattern of vexatious, abusive litigation tactics which resulted in his being sanctioned in the first place. *See, Farmer v. Banco Popular of North America, supra*, 791 F.3d at 1257-1258 ("Needless to say, we are not impressed with either the substance or the tone of Farmer's diatribe.") This Court should strike or disregard appellant's improper and irrelevant arguments.

Pertinent to the sole issue before this Court - whether the District Court abused its discretion in imposing sanctions - a district court abuses its discretion only if it (1) fails to exercise meaningful discretion, such as acting arbitrarily or not at all, (2) commits an error of law, such as applying an incorrect legal standard or misapplying the correct legal standard, or (3) relies on clearly erroneous factual findings. *See* Chamber of Commerce v. Edmondson, 594 F.3d 742, 764 (10th Cir.2010). See also, Masunaga v. Stoltenberg (In re Rex Montis Silver Co.), 87 F.3d 435, 439 (10th Cir.1996) (citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).)

Here, both the Magistrate Judge and the District Court Judge painstakingly examined the plethora of specious and disingenuous filings and legal machinations initiated by appellant. Both judges explained and applied the correct legal standard for imposition of the sanctions, and both judges set forth unassailable supporting facts – though he flails mightily, appellant cannot dispute that there were multiple published opinions and court orders documenting appellant's sordid history of misconduct.[1]

---

[1] The Magistrate Judge footnoted just some of these: "Just some of these decisions include: *Black v. Black*, 422 P.3d 592 (Colo. App. 2018) (*"Black I"*); *Black v. Black*, 482 P.3d 460 (Colo. App. 2020) ("*Black III*") (making a comparison between the Probate Case and Charles Dickens's *Jarndyce and Jarndyce*); *Litvak v. Black*, 147 N.E.3d 835 (Ill. App. 2019) (vacating on the basis of fraud and collusion an agreed judgment between Bernard Black, his son Samuel, and his wife, Katherine Litvak, where they conspired to obtain a judgment to "repay" the wife's purported loans, out of the stolen trust monies); *JPMorgan Chase Bank v. Black*, No.cv-03447, 2021 WL 4459482 (N.D. Ill., Sept. 29, 2021)

The District Court also gave appellant every opportunity to be heard. After appellant filed his notice of removal, the Magistrate Judge promptly noticed an Order to Show Cause asking appellant to show cause, "why he should not be sanctioned or referred for discipline to the appropriate disciplinary authorities for what appears to be a frivolous and baseless attempt at removal for the purpose of interfering with an ongoing state probate proceeding." (App. Vol. 2, at 618.)

Appellant filed a response to the OSC, as well as a motion to transfer venue, a supplement to his response to the OSC, and a reply to the protected party's response to his filings. (Id., at 619-620.) Appellant's filings prior to the OSC, alone, totaled more than 110 pages.[2] (App. Vol. 4, at 981.)

The Magistrate Judge also held a hearing on the OSC that lasted an hour and a half. (App. Vol. 2, at 620.) During oral argument, appellant openly admitted that his removal was part of a strategy of forum shopping. (App. Vol. 2, at 637-638.)

---

(interpleader action involving trust funds subject to completing claims, including claims being litigated in the Denver Probate Court); *Black as Trustee of Joanne Black 2013 Trust Agreement v. Goodwin*, No. 19 C 5305, 2020 WL 4053176, (N.D. Ill., July 20, 2020) (suit by Bernard Black against Joanne's conservator, purportedly for aiding and abetting in breach of fiduciary duty, which was dismissed for lack of federal jurisdiction based on the probate exception and the *Rooker-Feldman* doctrine). (

[2] Appellant's filings after the Magistrate Judge issued his report and Recommendation were likewise voluminous. Prior to the District Court's Order Affirming the Magistrate's Report and Recommendation, appellant filed a 71 page objection (including the appendix), a 42 page Motion for Temporary Restraining Order to stop the Denver Probate Court from conducting any further proceedings, and a Motion to Vacate Orders of the Denver Probate Court with respect to orders issued after this matter was remove, which was 38 pages. And then, following, the District Court's Order Affirming, appellant filed additional volumes of argument and material.

- 11 -
124629-00000003/8164143.2

The Magistrate Judge noted that in one the lawsuits appellant brought in Illinois, Appellant's counsel similarly conceded that appellant was "forum shopping," because Appellant "did not think [he] would get anywhere with the Colorado Court." (Id., at 630.) Appellant also admitted to filing a lawsuit against Joanne's Colorado appointed conservator, in Illinois, seeking damages, simply to put pressure on the conservator to settle: "So that was a case that I would describe as 'We are just desperately looking for some way to bring these people into settlement, where they are refusing to talk to us.' And we thought there was an opportunity to put some pressure on [the Conservator] by bringing a case against her in Illinois, seeking damages." (Ibid.)

A reading of the Magistrate Judge's Report and Recommendation proves the Magistrate Judge meticulously analyzed the massive amount of specious litigation that appellant brought in his effort to frustrate the protected person from recovering the assets he had stolen from her. Under any fair reading, appellant abused the judicial system. "[B]ad faith occurring during the course of litigation that is abusive of the judicial process undisputably, at the discretion of the court, warrants sanction through the charging of fees. *Chambers,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27. … [B]ad faith in bringing an action or in causing an action to be brought[,]" Shimman, 744 F.2d at 1230; *see also, e.g.,* San Juan Prods., Inc. v. San Juan Pools of Kan., Inc., 849 F.2d 468, 476 (10th Cir.1988)[,] [w]here a party

institutes an unfounded action wantonly or for oppressive reasons, or necessitates an action be filed or defends an action through the assertion of a colorless defense, that constitutes bad faith which is grounds for an award of attorneys' fees. *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 768 (10th Cir. 1997).

Appellant's argument that the District Court imposed double monetary sanctions on him is also specious. The protected person's attorney had suggested that appellant be required to pay any monetary sanctions imposed to a charity in his son's name, so that appellant might "realize the importance of family, including his sister Joanne, rather than continue his ongoing litigation which benefits none of the Black Family. (App. Vol.  ). The Magistrate Judge lauded the altruistic suggestion from the protected person, but explained why he would not order the sanction be paid to charity, and made it clear that appellant must pay the monetary sanction to the protected person's counsel:

> In this instance, Ms. DiPonio appears reluctant to accept such an award, in part because of Mr. Black's abusive litigation tactics and the likelihood that such an award will only trigger more appeals and more of such tactics. But the response to the implicit threat of more abusive litigation tactics in the future should not be submission to the threat.
>
> Moreover, the award of sanctions in this case is not intended solely for the purpose of compensating Ms. DiPonio or her client for

time and money spent fighting against a frivolous and vexatious attempt to interfere with the Denver Probate Court proceedings. Sanctions can have different objectives. They can be viewed as a form of cost-shifting, compensating opposing parties injured by the vexatious or frivolous litigation, or as a form of punishment imposed on those who violate the rules. The imposition of sanctions is, in part, meant to deter attorneys from violating the rules.

Sanctions should also be educational and rehabilitative in character. Sanctions are also a means by which the Court can defend itself, the institution that administers justice, from abusive or destructive litigation tactics. Ordering Mr. Black to make a payment to a charity would, in certain respects, be a capitulation to the abusive tactics that he has demonstrated. The Court will not reward Mr. Black by allowing him to decide what entity will benefit from his litigation abuse.

Therefore, within 10 days from the date of this order, [appellant] is hereby **ORDERED** to pay to counsel Lisa DiPonio the sum of $5,031.60 for reasonable attorney fees and expenses incurred in defending this inappropriately removed matter." (1:23-cv-03098, Doc. 52, pp. 6-7, (App. Vol. 4, at 986.)

The District Court affirmed the Magistrate Judge's Order, expressly stating that the sanction was to be paid to the protected person's counsel. (App. Vol. 4, at 1028-1029)

Appellant, as is his wont, ignored the orders. In predictable defiance he purported to pay the sanction to a charity. (App. Vol. 4, at 1030.) The District Court admonished that appellant's, "payment to a charity, even if worthwhile, nevertheless **did not** satisfy this court's orders." (App. Vol. 4, at 1040.) The Court, thus, ordered appellant to comply and pay the sanction to the protected person's counsel. (Ibid.) There was no "double award," and there was no abuse of discretion by the District Court.

Likewise, the referral to the New York State Bar for disciplinary consideration is not an improper "multiple sanction." As appellant concedes, there is no Tenth Circuit case that limits a court's inherent authority to a monetary sanction alone. (AOB, at 40.) The referral sanction is no different than any other sanction the District Court has inherent authority to impose. And, it too is governed by an abuse of discretion standard. *In re Goldstein*, 430 F.3d 106, 112 (2nd Cir. 2005). And, as in *Goldstein*, there was no abuse of discretion in the referral, as appellant's misconduct was evident from the face of the record ("A colorable breach of Goldstein's representational duties appeared on the face of the record, and the referral was therefore not an abuse of discretion." *In re Goldstein*, 430 F.3d at

112.) Here, one only need read the multiple published appellate opinions to assess the extreme degree of misconduct appellant has heaped on the judicial system.

## V. **CONCLUSION**

The District Court did not abuse its discretion in imposing sanctions on appellant for his frivolous and baseless attempt to remove a state court probate proceeding and for his history and pattern of litigation abuse. This Court should affirm the District Court's orders.

Respectfully submitted this 3rd day of June, 2024.

s/ Lisa DiPonio

Lisa DiPonio
DiPonio & DiPonio
7931 S. Broadway, #348
Littleton, CO  80112
Phone:  (303) 955-2080;
Email: diponiolawfirm@comcast.net
Attorneys for Joanne Black

# CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2024 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Bernard S. Black
Northwestern University School of Law
375 East Chicago Avenue
Chicago, IL 60611
847-807-9599
Fax: 312-503-3458
Email: bblack@northwestern.edu
PRO SE

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the nonparticipant's name:

NA

                                      s/ Lisa DiPonio

Lisa DiPonio
DiPonio & DiPonio
7931 S. Broadway, #348
Littleton, CO 80112
Phone: (303) 955-2080;
Email: diponiolawfirm@comcast.net
Attorneys for Joanne Black